UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DENERICK NELSON, JR., | No. 2:23-cv-1438 KJN P |
| Petitioner, | |
| v. | ORDER |
| PATRICK COVELLO, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Along with his petition, petitioner filed a motion to expand the record, and subsequently filed a motion for appointment of counsel.

Motion to Expand

Petitioner's motion to expand the record is not signed by petitioner. Parties proceeding without counsel are required to sign all pleadings, motions, and other papers submitted to the court for filing. Fed. R. Civ. P. 11(a). Further, it is unclear petitioner wishes to expand the record. Rather, petitioner asks to add additional grounds by expanding the record if the petition is not dismissed so that his other grounds may be admitted. (ECF No. 3.) But Rule 7 regarding expansion of the record concerns factual evidence, not claims (or grounds) raised in the petition. See Bracy v. Gramley, 520 U.S. 899, 904 (1997) (citing Rule 6(a), Rules Governing Section 2254 Cases, which provides that a court may authorize a petitioner to conduct discovery for good cause

and stating that good cause exists where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.") (citation and internal quotation marks omitted).  A court considering a habeas corpus petition is ordinarily limited to the state court record.  See Cullen v. Pinholster, 563 U.S. 170, 180 (2011) (holding that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").

Here, the instant petition includes four claims for relief.  (ECF No. 1.)  Petitioner's motion does not identify the "other grounds" he seeks to admit.  Moreover, it is unclear whether petitioner has exhausted state court remedies as to such proposed claims or "other grounds."  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Because petitioner's motion is not signed and it is unclear what relief the motion seeks, petitioner's motion is denied without prejudice.

Motion for Counsel

Petitioner requested the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion (ECF No. 3) is denied without prejudice; and

2. Petitioner's request for appointment of counsel (ECF No. 6) is denied without prejudice.

Dated: August 4, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/nels1438.110+