UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DENERICK NELSON, JR., | No. 2:23-cv-1438 TLN KJN P |
| Petitioner, | |
| v. | <u>FINDINGS & RECOMMENDATIONS</u> |
| PATRICK COVELLO, | |
| Respondent. | |

Petitioner is a California prisoner proceeding with an application for writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss.

Petitioner is serving a sentence of eight years and eight months following his conviction in the Sacramento County Superior Court for lewd and lascivious conduct with a child under fourteen and indecent exposure. (ECF No. 17-1.) Petitioner filed an appeal, and on August 5, 2022, the state appellate court remanded the case to the trial court with directions to recalculate the award of presentence credits and otherwise affirmed the judgment. (ECF No. 17-2.)

Petitioner sought review in the California Supreme Court, which was denied on October 12, 2022. (ECF No. 17-4.)

On December 15, 2022, the trial court awarded petitioner additional credits. (ECF No. 17-5.) On November 7, 2023, the state appellate court affirmed the judgment. (ECF No. 17-6.) The time to file a petition for review of the November 7, 2023 decision did not expire until

1

1  December 17, 2023, forty days after the California Court of Appeal affirmed the judgment. See
2  Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) ("[Petitioner] did not petition the California
3  Supreme Court for review, and his conviction became final forty days later[.]").

Petitioner filed a number of state post-conviction collateral actions related to the pertinent judgment. (ECF No. 15 at 2 & n.1.)

Petitioner presented his federal petition to prison officials for mailing on July 17, 2023. (ECF No. 1 at 27.) Petitioner signed his amended petition on October 16, 2023. (ECF No. 12.)

Respondent asserts the court must abstain from hearing petitioner's habeas claims pursuant to the Younger doctrine. In Younger v. Harris, 401 U.S. 37, 45-46 (1971), the Supreme Court held that federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. Younger v. Harris, 401 U.S. 37, 45-46 (1971). Irreparable injury does not exist in such situations if the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" Id. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

"The Younger doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." Miofsky v. Superior Court, 703 F.2d 332, 336 (9th Cir. 1983). In practical terms, the Younger doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.) (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972)).

A Younger abstention is appropriate if state proceedings are ongoing at the time the federal action is commenced. Kitchens v. Bowen, 825 F.2d 1337, 1341 (9th Cir. 1987). Here, petitioner commenced this action on July 17, 2023, and state court proceedings with respect to petitioner's conviction and sentence had not concluded. Petitioner's conviction did not become final until December 17, 2023, which was also after petitioner signed his amended petition. After

reviewing petitioner's amended habeas petition and the opposition to respondent's motion to dismiss, the court finds there are no extraordinary circumstances which permit the court to proceed with this action and not abstain under Younger.

Petitioner argues this court should not abstain under Younger as he has exhausted state court remedies with respect to the claims presented here as he is required to do under 28 U.S.C. § 2254(b)(1). However, in Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983), the Ninth Circuit specifically held that state court remedies cannot be exhausted until judgment is final "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." Id.

For the forgoing reasons, this court must abstain from reviewing petitioner's petition for writ of habeas corpus pursuant to Younger. Therefore, the court will recommend that respondent's motion to dismiss be granted and this case be closed.

Motion to Amend

After briefing on respondent's motion to dismiss closed, petitioner filed a motion to amend along with his proposed second amended petition. In light of the above recommendation, petitioner's motion to amend should be denied, and the petition for writ of habeas corpus should be opened as a new action. The Clerk of the Court should be directed to assign a new case number to the habeas petition (ECF No. 27).

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 12) be granted;

2. Petitioner's motion to amend (ECF No. 26) be denied;

3. The Clerk of the Court be directed to assign a new case number to petitioner's January 9, 2024 petition for writ of habeas corpus (ECF No. 27); and

4. This case (2:23-cv-1438 TLN KJN P) be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 2, 2024

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/nels1438.mtd.Younger